AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>CARLOS PUPO,<br>a/k/a Carlos Pupo-Mendoza,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No.  16-8437-WM |

FILED by _____ D.C.
DEC 1 4 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____3/4/2016_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC Sections 1326(a) and (b)(2) | Illegal reentry after deportation by a felon. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____Andy Korzen, Deportation Officer, ICE_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/14/2016

_____
*Judge's signature*

City and state: _____West Palm Beach, FL_____   _____U.S. Magistrate Judge William Matthewman_____
*Printed name and title*

## UNITED STATES v. CARLOS PUPO
## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over thirteen years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Carlos PUPO, also known as Carlos PUPO-MENDOZA, committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3. A review of the immigration alien file assigned to Carlos PUPO shows that he is a native and citizen of Cuba. Records further show that, on or about October 12, 2012, Carlos PUPO was ordered removed from the United States. PUPO was ordered removed following his 2008 federal conviction in the Southern District of Florida for alien smuggling (S.D. Fla. Case No. 07-80183-Cr-Marra). PUPO was sentenced to a term of imprisonment followed by supervised release. Upon his release from imprisonment, PUPO was placed in removal proceedings, resulting in the order of removal on October 12, 2012.

1

4. On or about December 12, 2012, Carlos PUPO was released from Immigration and Customs Enforcement (ICE) custody as ICE was unable to remove Carlos Pupo from the United States to Cuba.

5. At some time between December 12, 2012 and May 13, 2013, Carlos PUPO voluntarily removed himself from the United States to the Bahamas. A report obtained from the Royal Bahamas Police Force, Assistant Superintendent of Police Wayne Woodside, indicates that, on or about May 13, 2013, Carlos PUPO was arrested in Sandy Point, Abaco, Bahamas for breach of the Bahamas' Immigration Act and transported to Marsh Harbour Police Station.

6. Following his release from custody in the Bahamas, Carlos PUPO returned to the United States without passing through a designated port of entry or presenting himself to immigration officials. On or about March 4, 2016, Carlos PUPO purchased a motor vehicle from Palm Beach Toyota, located at 521 South Military Trail, West Palm Beach, Florida 33415, in Palm Beach County, in the Southern District of Florida. Documents obtained from Driver and Vehicle Information Database (DAVID) show that on or about March 4, 2016, Carlos PUPO signed a Motor Vehicle Title Reassignment Supplement and Application for Certificate of Title With/Without Registration forms at Palm Beach Toyota.

6. Town of Palm Beach Police Department Fingerprint Expert Gregory Parkinson conducted a fingerprint comparison in this case. Fingerprints taken in connection with Carlos PUPO's arrest in the Bahamas, dated June 20, 2013 were compared with the fingerprints located in Carlos PUPO's immigration alien file taken

from Carlos PUPO prior to his departure from the United States. Fingerprint Expert Gregory Parkinson determined that they were made by the same individual.

7. I performed a record check in the Computer Linked Application Informational Management System (CLAIMS) to determine if Carlos PUPO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Carlos PUPO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

8. Based on the foregoing, I submit that probable cause exists to believe that, on or about March 4, 2016, Carlos PUPO, an alien who has departed the United States while an order of removal was outstanding, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 14th day of December, 2016.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. _____16-8437-WM_____

UNITED STATES OF AMERICA

vs.

CARLOS PUPO,
a/k/a Carlos Pupo-Mendoza,

**Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
A. Marie C. Villafana
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
TEL (561) 820-8711
Ann.Marie.C.Villafana@usdoj.gov